IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MASOUD BAMDAD,**
**No. 47237-112,**

**Petitioner,**

    **vs.**                            **Case No. 15-cv-886-DRH**

**JEFFREY WALTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Masoud Bamdad, currently incarcerated in Marion-U.S. Penitentiary, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner asserts that he was "unlawfully and unconstitutionally prosecuted" and that his conviction and sentence are "FRUIT[S] OF THE POISIONOUS TREE." (Doc. 1, p. 1). He seeks immediate release from incarceration. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as

this action under 28 U.S.C. § 2241.  After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

On May 6, 2009, petitioner was found guilty of ten counts of unlawfully distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1), and an additional three counts of unlawfully distributing oxycodone to persons under the age of 21, in violation of 21 U.S.C. § 859, following a nine-day jury trial in the United States District Court for the Central District of California.  (Doc. 1, p. 14).  The jury was hung on four additional counts, including a count alleging illegal distribution resulting in death.  *Id.*  On July 29, 2010, petitioner was sentenced to 25 years of imprisonment, six years of supervised release, and a $1,000,000 fine.  *Id.* at 15.  Petitioner filed a timely appeal with the Ninth Circuit Court of Appeals. *See United States v. Bamdad*, 459 F. App'x 653 (9th Cir. 2011).   On November 23, 2011, the Ninth Circuit issued an opinion affirming the conviction and sentence.  *Id.*  The Supreme Court declined to issue a writ of certiorari.

On June 21, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Central District of California. (*See United States v. Bamdad*, CR-08-0506, Doc. 338). In this § 2255 petition, petitioner challenged his conviction on thirty-five grounds.  On May 6, 2013, the district court denied this post-conviction appeal in a 39-page order, which organized the claims into the following seven categories: 1) the court lacked jurisdiction because the practice of medicine should not be

regulated by federal law; 2) Fourth Amendment violations related to the search of petitioner's office without a proper warrant; 3) selective prosecution; 4) denial of effective assistance of counsel; 5) actual innocence; 6) prosecutorial misconduct; and 7) illegal sentence based on wrong information. *United States v. Bamdad*, CR-08-0506, Doc. 387, p. 1-2. The district court and the Ninth Circuit Court of Appeals both denied petitioner's request for a certificate of appealability. *See id.* Doc. 393, 413. Petitioner subsequently filed a flurry of motions and notices requesting various forms of relief including a motion to alter or amend the court's order on the § 2255 petition (Doc. 399); revised request for certification of appealability (Doc. 403); motion to recuse judge (Doc. 414); and notice of motion filed with the Ninth Circuit appealing order denying the motion to recuse judge (Doc. 427). Petitioner has been denied relief on all of these motions. *Id.*

Having exhausted all avenues for relief under his first § 2255 petition, on June 16, 2014, petitioner filed a motion with the Ninth Circuit Court of Appeals requesting permission to file a second or successive § 2255 petition, which was later denied. *Id.* at 16.

Petitioner filed a habeas petition under 28 U.S.C. § 2241 with this Court on July 29, 2014, while his application requesting permission to file a second or successive § 2255 petition was still pending before the Ninth Circuit Court of Appeals. *See Bamdad v. Holder*, Case No. 14-cv-00853-DRH (S.D. Ill.). This Court denied petitioner's § 2241 motion on the grounds that it would not be appropriate to consider petitioner's § 2241 petition so long as another jurisdiction

was considering identical claims in a § 2255 petition. *Id*. Petitioner filed a motion to reconsider, but later withdrew the motion and instead opted to file a new habeas petition.

## The Habeas Petition

In the present action, petitioner asserts that he is entitled to habeas relief under 28 U.S.C. § 2241 because he was convicted and sentenced for "non-existing crimes, for conduct which is not criminal under any legal theory, more so clarified by new Supreme Court decisions." *Id*. at 19. Specifically, petitioner raises the following claims: 1) petitioner's constitutional rights under the Fourth and Fifth amendments to the United States Constitution were violated when agents searched his office without a proper warrant or probable cause; 2) the indictment's defects establish the petitioner's innocence and demonstrate that the trial court lacked jurisdiction because there was no violation of interstate commerce and the indictment charged him with a non-existent crime (death by overdose); 3) he is factually innocent of his conviction; and 4) the sentence and fine imposed are unreasonable. Petitioner has unsuccessfully raised each of the arguments in his petition at various stages throughout his defense.

Petitioner asserts that he may bring these claims under the "savings clause" of 28 U.S.C. § 2255(e) not only because of "constitutional violation(s) which happened during his criminal investigation and were overlooked by his trial and sentencing court," but also because the violations have been "reemphasized" by new decisions of the United States Supreme Court. *Id*. at 22.

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an

inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In the Seventh Circuit, in order to proceed under the savings clause, a petitioner must typically meet three conditions.[1]  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  To be clear, the new statutory interpretation case must announce a "change of law."  *Id*. at 611-12.  Recent cases that simply rearticulate settled rules of law do not count as "new."  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Therefore, the Court begins with the threshold issue of whether the present petition has been properly brought under the savings clause.  The Court's inquiry centers on whether any of petitioner's arguments rest upon a statutory interpretation case that announced a change in law that petitioner could not have

---

[1] Petitioner cites to *Webster v. Daniels*, 784 F.3d 1123, 1146 (7th Cir. 2015) in support of his argument that the savings clause should be broadly construed.  In *Webster*, the Seventh Circuit held that there is no categorical bar against the use of the savings clause where *new evidence* would reveal that the Constitution categorically prohibits a certain penalty.  *Id.*  This holding does not apply to petitioner's case; thus, the Court will analyze petitioner's claims using the conditions set forth in *Davenport*.

relied upon in his first § 2255 motion.  The Court finds no such case in support of any of petitioner's claims.

First, petitioner asserts that his constitutional rights under the Fourth and Fifth amendments to the United States Constitution were violated when agents searched his office without a proper warrant or probable cause.  On this point, petitioner does not offer any new statutory interpretation cases (as relief under the savings clause requires).  Instead, he argues that 200 years of United States constitutional law support his position and the trial court "misinterpreted the rule of law and the Constitution." (Doc. 1, p. 29).  The fact that petitioner believes the sentencing court misinterpreted the Constitution does not entitle him to seek habeas relief in *this* Court under the savings clause.  The "but the other court just got it wrong" argument does not suffice.  Just because the Ninth Circuit Court of Appeals disagreed with petitioner and the Supreme Court declined to hear his case does not demonstrate that a motion under § 2255 would be inadequate or ineffective to test the legality of petitioner's conviction and sentence.

Next, petitioner argues that the indictment's defects establish the petitioner's innocence and demonstrate that the trial court lacked jurisdiction because there was no violation of interstate commerce.  In support of this claim, petitioner cites *Bond v. United States*, 134 S. Ct. 2077 (2014), a case in which the Supreme Court considered whether the Chemical Weapons Convention Implementation Act was intended to cover a purely local crime.  *Id.*  The holding in *Bond* pertained to the Chemical Weapons Convention Implementation Act, not

the Controlled Substance Act under which petitioner was convicted.[2]   As such, *Bond* is not applicable to petitioner's case for purposes of the savings clause.

Petitioner next argues that the indictment was defective because it charged him with a non-existent crime (death by overdose) and that the sentence and fine are unreasonable.  The jury was hung on the death by overdose count, and the count was dismissed by the government following trial.  Petitioner, nonetheless, contends that he should not have been charged and tried on the "death count" because evidence related to the count that was introduced at trial prejudiced the jury and the judge against him.  Although petitioner cites numerous cases, he relies primarily on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Burrage v. United States*, 134 S. Ct. 881 (2014); unfortunately for him, neither *Alleyne* nor *Burrage* are applicable.  Aside from the issue that they are likely not considered new statutory interpretation cases that can be applied retroactively, *Alleyne* and *Burrage* address mandatory minimums and sentencing enhancements.  Petitioner was not found guilty on the death count, and therefore, he was not subjected to a mandatory minimum or a sentencing enhancement on that basis.  Therefore, petitioner is not entitled to seek relief under the savings clause on this claim either.

Finally, petitioner claims that he is factually innocent of his conviction.  The jury, the trial judge, and the judges on the appellate panel did not agree.  Petitioner has offered no new statutory interpretation case applicable here that

---

[2] In no way does *Bond* suggest that Congress lacked authority to criminalize the distribution of illegal drugs under the Controlled Substance Abuse Act.

would allow this Court to review the merits of petitioner's claims.  As such, relief pursuant to 28 U.S.C. § 2241 is not available to petitioner.

### Disposition

For the foregoing reasons, the petition is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as **MOOT**.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1(A).  A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.  It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated:** September 23, 2015

Digitally signed by
David R. Herndon
Date: 2015.09.23
10:31:36 -05'00'

**United States District Judge**